NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 19-2957 and 19-2976

———————————

UNITED STATES OF AMERICA

v.

JESSE TULLIES,

Appellant in case no. 19-2957

UNITED STATES OF AMERICA

v.

EUGENE WILLIAMS,

Appellant in case no. 19-2976

———————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action Nos. 2-18-cr-00021-001 and 2-18-cr-00021-002)
District Judge: Honorable Kevin McNulty

———————————

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2020

Before: AMBRO, BIBAS and ROTH, Circuit Judges

(Opinion filed: February 10, 2022)

## OPINION[*]

AMBRO, <u>Circuit Judge</u>,

Defendants Jesse Tullies and Eugene Williams (unless otherwise noted, jointly referred to as "Defendants") were tried together and convicted for selling drugs and illegally possessing firearms. They appealed their convictions, and we consolidated the appeals. Because neither Defendant has shown any redressable error, we affirm their convictions.

## I.

Detective Yusef Ellis and his colleagues at the Essex County Sherriff's Office arrested Defendants after observing them sell heroin in Newark, New Jersey, to John Potts and an unidentified woman. On arrest, law enforcement searched Tullies and Williams' car and found significant amounts of crack cocaine and heroin along with three loaded 9-millimeter handguns. This resulted in the following charges: conspiracy to distribute heroin in violation of 21 U.S.C. § 846; distribution of heroin, in violation of 21 U.S.C. § 841(a), (b)(1)(C); possession with intent to distribute crack, in violation of 21 U.S.C. § 841(b)(1)(C); possession of a firearm by a convicted felon, in violation of 18

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

A three-day joint jury trial followed. Defendants argued that Ellis was lying, they had been near the drug sale for unrelated reasons, and different individuals must have sold the heroin. The jury first considered the counts other than the felon-in-possession charges and convicted Defendants on those charges. It then received stipulations stating that each Defendant had previously been "convicted of a crime punishable by imprisonment for a term exceeding one year." Convictions then followed on the felon-in-possession charges. The District Court denied Defendants' motions for a judgment of acquittal or in the alternative for a new trial.

## II.

Defendants requested new trials for their felon-in-possession charges under 18 U.S.C. § 922(g).[1] Their reasoning was that the Government did not prove, as required by *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), that each of them knew he was a felon (meaning someone who has been convicted of a crime punishable by more than one year in prison) at the time he possessed the firearms at issue. Indeed, that is correct. *See Greer v. United States*, 141 S. Ct. 2090, 2095 (2021). But neither Defendant made an objection at trial, and so we review only for plain error. *See United States v. Vosburgh*, 602 F.3d 512, 531 (3d Cir. 2010). There must be an error, it must be plain, it must affect

---

[1] The District Court incorrectly instructed the jury that Tullies and Williams did *not* need to have knowledge of their prior felony status. Both Defendants stipulated that they had prior felonies, but their stipulations did not address when they were aware of this fact.

the Defendants' "substantial rights," and it must be the case that leaving the error uncorrected would "seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *United States v Olano*, 507 U.S. 725, 732 (1993) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

What this means practically is that each Defendant must show (among other things) "there is a reasonable probability that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (internal quotation marks and citation omitted). But "[i]f a person is a felon, he ordinarily knows he is a felon," *id.*, and neither Defendant has offered any evidence that his case is extraordinary. Williams contends that he would have argued he was unaware he was a felon because New Jersey does not use the term "felon." But he does not suggest being unaware of a conviction for at least one crime punishable by over one year in prison. This is not surprising, as Williams had served over three years' imprisonment for two of his several prior felonies. In Tullies's case, he had at least eleven prior sentences of over one year and had served multiple terms of imprisonment of at least one year. Because their presentence reports confirm their felon status and they offer no evidence suggesting they were unaware they had been convicted of crimes punishable by over one year's imprisonment, Defendants cannot show by a reasonable probability that the jury would have acquitted them. *See Greer,* 141 S. Ct. at 2097–98 (noting that we "may consider the *entire* record" on plain-error review, "including information contained in a pre-sentence report" (emphasis in original)).

4

## III.

Besides the *Rehaif* error, each Defendant raises an additional issue on appeal. Tullies argues that the Government's questioning of Potts created the impression that Tullies only remained silent because he was guilty in violation of his Fifth Amendment protections. Williams contends that the District Court erred in declining either to overturn the jury's verdict or to grant a new trial on the firearm convictions because there was insufficient evidence to show Williams constructively possessed the guns and ammunition at issue. We consider each in turn.

Tullies fails to show that the Government improperly questioned Potts during the trial. Potts testified that he bought drugs from two unidentified individuals rather than from either Defendant. The Government impeached Potts's testimony by eliciting that he only began saying he bought drugs from a third party after talking to Williams's wife. He had previously remained silent.

Tullies now argues this line of questioning violated his Fifth Amendment protections by suggesting that Potts did not make a statement to the police because he (Potts) was guilty. Tullies further asserts that the Government invited the jury to make the same inference about his decision not to speak to law enforcement. He did not press this argument before the District Court. Therefore, we review for plain error. *United States v. Iglesias*, 535 F.3d 150, 158 (3d Cir. 2008).

Tullies cannot articulate any error, let alone a plain one. The cases he relies on all involve examination of the defendant himself, *see Doyle v. Ohio*, 426 U.S. 610, 611 (1976); *Carter v. Kentucky*, 450 U.S. 288, 293–94 (1981), but here Tullies objects to the

5

cross-examination of a third party. The Government's questioning did not suggest any inference should be drawn from Tullies's initial silence, and, in any case, the District Court issued clear curative instructions. Nor does Tullies explain why the jury would have drawn an improper inference about him based on Potts's conduct. In sum, Tullies cannot show the Government acted improperly in eliciting relevant impeachment testimony.

The District Court also did not err in declining to give Williams a new trial or denying his Rule 29 motion for judgment of acquittal. When reviewing a district court's decision to deny a Rule 29 motion, "[w]e review sufficiency of the evidence 'in the light most favorable to the prosecution' to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Garner*, 915 F.3d 167, 169 (3d Cir. 2019) (*quoting United States v. Caraballo-Rodriguez*, 726 F.3d 418, 424–25 (3d Cir. 2013) (*en banc*)). We review denials of Rule 33 motions for a new trial for abuse of discretion. *United States v. Kelly*, 539 F.3d 172, 181 (3d Cir. 2008).

An individual constructively possesses a firearm if he "knowingly has both the power and the intention at a given time to exercise dominion or control over [it], either directly or through another person or persons." *United States v. Iafelice*, 978 F.2d 92, 96 (3d Cir. 1992) (quoting *United States v. Blackston*, 940 F.2d 877, 883 (3d Cir. 1991)). Here, Ellis saw Williams accessing drugs in a car's rear bumper. The firearms were also in the car's bumper, and at least one was immediately adjacent to the drugs. The jury found that Williams had possession of these drugs. It also heard testimony about how

6

guns are used to facilitate drug trafficking and how some drug dealers keep their firearms with their stashes of drugs.

Based on this evidence, the jury could have rationally concluded beyond a reasonable doubt that the drugs and the firearms were placed into the car's rear bumper in furtherance of a single criminal scheme and that the same individuals had possession over both. *Accord United States v. Booker*, 436 F.3d 238, 241–43 (D.C. Cir. 2006) (affirming felon-in-possession conviction on similar facts). Therefore, we will not disturb the jury's verdict. And, based on the same evidence, we also conclude the District Court did not abuse its discretion in denying Williams a new trial. *See United States v. Silveus*, 542 F.3d 993, 1004–05 (3d Cir. 2008) (explaining a Court may grant a new trial "only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted." (internal citation omitted)).

\*     \*     \*     \*     \*

We thus affirm the judgment of the District Court.